UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAHABJOT SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN as Clay County, IN Sheriff and Warden, Clay County Jail, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00520-MPB-MJD |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Sahabjot Singh's petition for a writ of habeas corpus seeks release from the Clay County Jail, where he is detained on behalf of U.S. Immigration and Customs Enforcement (ICE). For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Singh an individualized bond hearing or release him from custody under reasonable conditions of supervision.

**I. Background**

Mr. Singh is an Indian native and citizen. Dkt. 1 ¶ 22. He entered the United States without inspection in 2017. *Id.* ¶ 23. Mr. Singh has been involved in multiple removal proceedings, including, most recently, a proceeding initiated in January 2026 that is still pending. Dkt. 7-1 at 5.

On July 14, 2026, Indiana State Police troopers detained Mr. Singh during a traffic stop in Indianapolis. *Id.* at 9. They contacted ICE officials, who determined that Mr. Singh did not have a legal immigration status. *Id.* The government issued a warrant "command[ing]" that Mr. Singh be taken into federal custody pursuant to 8 U.S.C. § 1226. *Id.* at 12.

Mr. Singh remains in ICE custody at the Clay County Jail and has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Singh argues that his continued detention violates the Immigration and Nationality Act (INA), its regulations, and the Fifth Amendment's Due Process clause.

Respondents initially argued that Mr. Singh was subject to mandatory detention without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Singh who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 8 at 1. Mr. Singh agrees that the proper resolution of this matter is that he receive a bond hearing pursuant to § 1226. Dkt. 9 at 5.

## III. Additional Issues

Because Mr. Singh agrees that that this case is properly resolved by an order that he receive a bond hearing under § 1226, the Court does not reach the arguments presented in his initial petition

that he is entitled to relief under the Fifth Amendment, the Administrative Procedure Act, or any other authority.

Respondents ask the Court to dismiss this action and direct Mr. Singh to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025). Given that the government only changed that position after this case was filed and in response to *Cirrus Rojas*, the Court will not enforce an exhaustion requirement now.

Finally, the Court previously ordered that Respondents may not transfer Mr. Singh to any federal judicial district outside Illinois, Indiana, Or Wisconsin "during the pendency of this habeas petition." Dkt. 4 ¶ 5. In his reply brief, Mr. Singh asks the Court to extend that order through the conclusion of any bond hearing. Dkt. 9 at 4–5. The issuance of this order and the entry of final judgment will terminate the pendency of this habeas action and, therefore, the original restriction on transferring Mr. Singh. Mr. Singh asks the Court to alter its previous order in a reply brief and therefore has not afforded Respondents an opportunity to respond. "A motion must not be contained within a brief, response, or reply . . . ." S.D. Ind. L.R. 7-1(a). Therefore, Mr. Singh's request is denied.

## V. Conclusion

The Court grants the petition to the extent that **no later than ten days from the date of this order**,[1] Respondents must either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release

---

[1] The parties may extend this deadline by agreement without the need for action by the Court.

Mr. Singh from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Singh with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Singh's counsel upon the scheduling of the hearing.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: September 17, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Preetkamal Singh
Singh Law Firm PLLC
singhlawfirmpllc@gmail.com